**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000837
13-APR-2018
09:25 AM**

NO. CAAP-17-0000837

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PATRICK H. OKI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC151000488 (15-1-0488))

ORDER GRANTING FEBRUARY 21, 2018 MOTION TO DISMISS APPEAL
WITHOUT PREJUDICE FOR LACK OF APPELLATE JURISDICTION
(Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon consideration of (1) Defendant-Appellant Patrick H. Oki's (Oki) February 21, 2018 motion to dismiss appellate court case number CAAP-17-0000837 without prejudice for lack of appellate jurisdiction, (2) the lack of any response by Plaintiff-Appellee State of Hawaiʻi to Appellant Oki's February 21, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Oki's appeal from the Honorable Rom A. Trader's October 17, 2017 judgment of conviction against Oki because the October 17, 2017 judgment of conviction indicates that the circuit court intends to rule on an unresolved issue whether Oki should pay restitution as a part of the circuit court's sentence against him.

Under analogous circumstances involving an appeal from a district court judgment of conviction that expressed the district court's intent to impose restitution against the defendant at some time in the future, this court held that the

judgment of conviction was not appealable. State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). The statute that authorizes appeals from district court criminal cases is HRS § 641-12 (2016), which differs from HRS § 641-11 in that HRS § 641-12 does not expressly refer to the "sentence" as the judgment, but the Kilborn court explained that "a document is not a judgment of conviction unless it includes the adjudication and the sentence" in either a circuit court criminal case or a district court criminal case because "we are unaware of any reason why, with respect to this particular issue, there should be a difference between circuit court judgments and district court judgment." Kilborn 109 Hawai'i at 441-42, 127 P.3d at 101-02. In Kilborn, the district court had entered a December 5, 2003 judgment of conviction against the defendant, Kilborn, for leaving the scene of an accident involving damage to a vehicle or property in violation of HRS § 291C-13 (1993) that sentenced Kilborn to a fine of $100.00 and various fees, and, in addition, "[t]he [December 5, 2003] Judgment ordered a hearing on restitution to occur on February 5, 2004. The notice of appeal[, however] was filed on January 5, 2004." Kilborn, 109 Hawai'i at 437, 127 P.3d at 97 (emphasis added). In other words, Kilborn filed the notice of appeal before the district court had an opportunity to follow up on the express provision in the December 5, 2003 judgment stating that the district court intended to hold a hearing regarding restitution. On appeal, the Kilborn court held that

> [j]udgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.
>
> Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

Id. at 442, 127 P.3d at 102 (emphases added).

Similar to the circumstances in <u>Kilborn</u>, the October 17, 2017 judgment of conviction does not contain the circuit court's entire sentence for Oki because it indicates the circuit court's intent to determine on some future date the issue whether Oki must pay restitution as a part of his sentence. Consequently, the October 17, 2017 judgment did not terminate the proceedings in Oki's criminal case. Absent an appealable final judgment of conviction against Oki, we lack appellate jurisdiction, and Oki's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appellant Oki's February 21, 2018 motion to dismiss his appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-17-0000837 is dismissed without prejudice to Oki timely appealing from a future appealable final judgment of conviction in Criminal No. 1PC151000488 that resolves the lingering issue of restitution.

DATED: Honolulu, Hawai'i, April 13, 2018.

Presiding Judge

Associate Judge

Associate Judge

-3-